UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81123-CIV-RYSKAMP/VITUNAC

LORI EATON,

       Plaintiff,

v.

THE SCHOOL BOARD OF PALM BEACH
COUNTY, FLORIDA,

       Defendant.
_____/

## ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's motion to dismiss **[DE 2]**, filed on December 6, 2006. Plaintiff responded **[DE 4]** on December 21, 2006. Defendant did not file a reply. The motion is now ripe for adjudication.

**I.     Introduction**

This is a civil action brought by Plaintiff, Lori Eaton, who alleges that Defendant, School Board, has violated both federal and state laws prohibiting employers from discriminating against employees on the basis of age or gender. Plaintiff originally filed the suit in Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida. Defendant removed the action to this Court based on this Court's original jurisdiction over suits arising under federal law.

Plaintiff is forty six year old female. She has a master's degree in athletic administration and has years of experience as a high school coach. Plaintiff alleges that she is one of the "most outstanding coaches in the history of Palm Beach County Schools." Defendant hired Plaintiff in 1986 as a teacher and as the girl's volleyball coach at Spanish River High School. Spanish River

is a school in Palm Beach County; Defendant has authority and oversight over all schools in Palm Beach County; as such, Defendant is responsible for hiring, training, supervising, and terminating all employees in the district.

At some point, Plaintiff alleges that she made a claim against Defendant for its failure to protect her from a student's assault.

In 2004[1], the position of Assistant Athletic Director became available. Typically, the District posts open positions, but this opening was never posted. Austin Lindley, a thirty five year old white male, had recently been hired at Spanish River and was given the position along with being named the Head Volleyball Coach. Plaintiff spoke with the Athletic Director, Bill Massey, and told him that she was interested in the position and that she was disappointed that she had not been considered. Massey stated that the position was beneath her qualifications.

Plaintiff alleges that Lindley was not qualified for the position since he had just been hired by the district and that he was not as experienced as Plaintiff.

Later in 2004, the position of Athletic Director became available. Plaintiff indicated her interest in the position but Kevin McEnroe was hired. McEnroe was a forty six year old male who was hired at Spanish River in 1990, four years after Plaintiff was hired. At some point after he became the Athletic Director, Plaintiff approached McEnroe about her interest in become an Assistant Athletic Director. McEnroe stated that she was over qualified and that it was a "grunt worker" job.

On about January 26, 2006, Lindley told Plaintiff that he wanted to coach volleyball alone. On about January 20, 2006, Lindley told students that he fired Plaintiff. Shortly thereafter, Lindley

---

[1] In 2004, Plaintiff was forty four years old.

hired a younger white male as an assistant coach. He had about twenty years less experience than Plaintiff. Thus, Plaintiff alleges that she was replaced by a younger person with less experience. She also argues that Defendant's terms and conditions of employment created a hostile work environment and her working conditions were so intolerable that a reasonable person would have resigned. Plaintiff did not resign, however, and so she was placed in a position outside of the athletic department; it was the athletic department where Plaintiff had expertise, experience, education and interest. Plaintiff alleges that she was discriminated against because of her gender and her age.

At some point, Plaintiff filed a charge with the EEOC and received a notice of suit rights to which Plaintiff filed this action.

The Complaint alleges seven causes of action under both state and federal law: age discrimination (Counts I and IV); gender discrimination (Counts II and V); retaliation (Count III and VI) and per se defamation (Count VII). Defendant now moves this Court to dismiss the retaliation and defamation claims (Counts III, VI, and VII). As the following analysis explains, this Court holds that Plaintiff's complaint is sufficient as to Counts III and VI and fails as to Count VII.

## II.   Discussion

### A.   Standard of Law on Motions to Dismiss

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). In general, a

complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F. Supp. 2d at 1359.

  B. **Count III - Federal Retaliation Claim**

In Count III, Plaintiff alleges that Defendant demoted her and fired her as Head Coach because she had filed a claim alleging that Defendant failed to protect her from a student assault. Title VII prohibits employers from retaliating against employees for making a charge, testifying, assisting, or participating in an investigation. 42 U.S.C. § 2000e-3(a). In order to make out a claim for retaliation, Plaintiff must show (1) that she engaged in protected activity, (2) that resulted in an adverse action, and (3) that there is a causal link between protected activity and the adverse action. *Hulbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006).

Defendant argues that Plaintiff has failed to plead sufficient facts to show that she engaged

in protected activity. In the complaint, Plaintiff alleged that she had participated in a protected activity because she "made a claim against Defendant for failing to protect her from an assault by a student." (Compl. ¶ 12). This allegation is sufficient to withstand the motion to dismiss. *See Olmsted v. Defosset*, 205 F. Supp.2d 1316, 1321 (M.D. Fla. 2002)(holding that an allegation indicating the protected activity was sufficient to survive a motion to dismiss). Plaintiff is not required to state each fact supporting her claim; rather, she need only set out those facts necessary to notice the Defendant of the facts supporting her claim. The "specificity" that Defendant seeks will be disclosed during the discovery process.

Second, Defendant argues that Plaintiff failed to indicate upon which retaliation statute her claim rests. Although Defendant is correct that Claim III does not indicated a specific statute, viewing the complaint as a whole shows that the Plaintiff intended to pursue the suit under 42 U.S.C. § 2000e-3-(a). Again, the purpose of the complaint is to put Defendant on notice of the allegations against him. In this instance, Defendant is on notice that Count III raises a claim under § 2000e-3(a).

Denying the motion to dismiss as to Claim III, however, was a close call. Plaintiff is encouraged, in its amended complaint, to heed Defendant's arguments and amend its complaint accordingly.

      C.    **Count VI - State Retaliation Claim**

Defendant again argues that Plaintiff failed to indicate upon which state retaliation statute her claim rests. Again, although Claim VI does not specifically name a statute, the jurisdictional section of the complaint does cite § 760.10, the statute upon which Plaintiff bases her state retaliation claim.

Defendant also argues that Plaintiff failed to exhaust her administrative remedies before

filing this claim. Defendant cited the Florida whistle blower statute, §112.3187, which requires certain administrative action before a Plaintiff can file a complaint. Since Plaintiff made this claim under a different statute that does not have the same administrative prerequisites as the whistle blower statute, the claim is sufficiently pled.

Finally, Defendant argues that Plaintiff was contractually bound by Defendant's whistle blower policy to file a grievance in accord with the grievance procedure. That policy, however, merely gives an individual a right to file a grievance and does not require that a grievance be filed in order to maintain a claim in this Court. Moreover, this claim was not filed pursuant to the whistle blower statute, but rather based on retaliation under § 760.10.

Denying the motion to dismiss as to Claim VI, however, was a close call. Plaintiff is encouraged, in its amended complaint, to heed Defendant's arguments and amend its complaint accordingly.

**D.     Count VII - Defamation Claim**

To maintain a claim for defamation against a public entity, Plaintiff must abide by § 768.28, which waives the government's sovereign immunity in certain causes of action and sets out mandatory procedures one must follow in order to sue pursuant to that waiver. One such requirement is that a Plaintiff must notify the agency, in writing, of its claim within three years of the incident before filing suit. § 768.28(6). Plaintiff argues that in filing this suit, she has provided the required written notice. Since the statute clearly forbids the institution of an action without prior notice, Plaintiff's contention is clearly incorrect. *See Hazel v. School Bd. Of Dade County*, 7 F.Supp.2d 1349, 1356 (S.D.Fla. 1998)(dismissing claim for failure to provide notice); *Hattaway v. McMillian*, 903 F.2d 1440, 1445-49 (11th Cir. 1990)(holding that although the statute requires that

a Plaintiff give the agency six months from the date of notice before filing a claim, a suit is properly filed so long as the six month period has expired before trial).  Moreover, Plaintiff has failed to allege any date for the alleged protected activity, complaining about the school board's alleged failure to protect her from a student attack, and thus, is unable to prove that her notice would fall within the three year limitations period to provide notice.  As such, the complaint is insufficient to state a claim as to this Count and must be dismissed without prejudice with leave to file an amended complaint.

### III. Conclusion

After carefully considering the motion and the pertinent portions of the record it is hereby,

ORDERED and ADJUDGED that Defendant's motion **[DE 2]** is **PARTIALLY GRANTED**.  The motion is **DENIED** as to Counts III and VI and **GRANTED** without prejudice as to Count VII.  Plaintiff has fifteen days from the date of this order to submit her amended complaint.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 26 day of February, 2007.

                                                          /s/ Kenneth L. Ryskamp
                                                          KENNETH L. RYSKAMP
                                                          UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record